Murtagh, Thomas R., J.
The plaintiff, Yale I. Turner (‘Turner”), filed this action against the defendant, Home Depot U.S.A., Inc. (“Home Depot”), asserting claims of breach of contract, negligence, violation of the Fair Debt Collection Practices Act, and unfair and deceptive acts under G.L.c. 93A.[1]
Turner’s claims arise out of his purchase of a shed on credit from Home Depot. Not being satisfied with the shed or its installation, Turner attempted to cancel his purchase. When he was unsuccessful in doing so, Turner refused to pay for the shed. As a result of Home Depot’s failure to report to Turner’s credit card company that Turner’s debt was disputed, his credit card company added finance and other charges to the balance, which was eventually written off, resulting in a bad credit report against Turner. Turner was subsequently denied credit when he applied for a new credit card, despite having good credit before the events giving rise to his claims. The action is now before the Court on Home Depot’s Motion to Exclude Testimony and Opinion of Plaintiffs Expert David A. Stivers. For the following reasons, the motion is ALLOWED.
BACKGROUND
Turner has submitted the deposition testimony of David A. Stivers (“Stivers”), whom Turner designated *52 as an expert witness, and a report Stivers prepared titled, “Expert Report of Damage to Credit Rating/Reputation” (“Expert Report”). The Expert Report contains numerous opinions regarding Home Depot’s wrongdoing and the resulting damage to Turner’s credit rating and credit reputation, including an assertion that Turner’s damages may be measured as up to five times his annual earnings. Stivers was deposed as an expert on December 11, 2006.
The Court will briefly outline Stivers’s background. Stivers graduated from the University of New Mexico in 1978 with a bachelor’s degree in German literature and comparative literature. While an undergraduate student, he took several courses in mathematics. From 1978 to 1992, Stivers worked in the automobile industiy in positions ranging from new car salesman to director of finance. Over those fourteen years, Sti-vers evaluated and processed over 40,000 credit applications and formulated 10,000 credit extension decisions. Following a workplace injury in 1992, Sti-vers left the automobile industiy and began working as a self-employed consultant in two areas, the automobile industry and the credit industiy. Accordingly, Stivers has two curricula vitae (“CV”), one each targeted to these areas.
During both his time in the automobile industry and his time as a consultant, Stivers has attended numerous seminars and lectured at several. Most of the seminars were related to the automobile industry, but a number of them covered damage to credit rating as a topic, including two seminars given by Experian, one of the three largest credit reporting agencies. Many federal and state courts have qualified Stivers as an expert witness, predominantly in the area of automobile financing but also, less often, in the area of credit rating and credit reputation.
Home Depot now moves to exclude Stivers’s deposition testimony and the Expert Report.
DISCUSSION
I. Standard of Review
The Court acts as a gatekeeper in determining whether to allow expert testimony by conducting a preliminary assessment of the methodology underlying the expert opinion, and by determining whether the opinion can properly be applied to the facts of the case. See Commonwealth v. Lanigan, 419 Mass. 15, 26 (1994), quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993). The function of the trial judge is to eliminate unreliable testimony that should not reach the trier of fact. See id. at 26; see also Peterson v. Board of Assessors of Boston, 62 Mass.App.Ct. 428, 433 (2004) (noting that excluding expert testimony for unreliable methodology is “designed to eliminate junk science!’] ... as competent expert evidence”).
A witness is qualified to render an expert opinion by virtue of his or her specialized experience, training, or education relevant to the subject of the proposed testimony. Commonwealth v. Richardson, 423 Mass. 180, 183 (1996) (quotation and citations omitted). The Court determines whether a witness qualifies as an expert. See Commonwealth v. Boyd, 367 Mass. 169, 182 (1975). An expert may present opinions that “assist the trier of fact to understand the evidence or to determine a fact in issue.” Massachusetts Guide to Evidence, 2008-2009 Edition §702. The party offering expert opinion on a matter must show that the expert has “a reliable basis in the knowledge and experience of his discipline.” Lanigan, 419 Mass. at 25, quoting Daubert, 509 U.S. at 592.
In Lanigan, the Supreme Judicial Court adopted Dauberts non-exhaustive list of four factors a court may consider in determining the reliability of scientific opinion. Id. at 25-26. These factors ask whether the proposed theory has: (1) been subjected to peer review and publication; (2) been tested; (3) a known error rate; and (4) achieved general acceptance in the relevant scientific community. Id. at 25, citing Daubert, 509 U.S. at 593-94. Under Daubert-Lanigan, a party seeking to introduce scientific, technical, or other specialized evidence must lay an adequate foundation either by establishing its general acceptance in the relevant community or by showing through “some other means" that the evidence is reliable and valid. See Lanigan, 419 Mass. at 26; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141, 149 (1999) (extending Daubert to testimony of “experts who are not scientists . . . [including] testimony based on ‘technical’ and ‘other specialized knowledge’ ’’).
General acceptance in the relevant community is its own sufficient basis of reliability, see Commonwealth v. Patterson, 445 Mass. 626, 640-41 (2005), and is “the significant, and often the only, issue.” Lanigan, 419 Mass. at 26. If a showing of general acceptance cannot be made, the Court conducts a full Daubert analysis to determine the admissibility of the evidence. See Patterson, 445 Mass. at 641. The proponent of expert opinion testimony bears the burden of proving its reliability. Palandjian v. Foster, 446 Mass. 100, 112 n. 17 (2006).
II. Analysis
Home Depot argues that Stivers is not qualified to testily as an expert witness regarding credit rating or credit reputation, and that, even if he is so qualified, his opinions lack sufficient reliability to be admissible. The Court agrees and concludes that Stivers may not testify as an expert.
A. Stivers’s Qualification as an Expert Witness
The Court finds that Stivers does not have sufficient specialized experience, training, or education to serve as an expert witness on the damage to Turner’s credit rating and credit reputation. See Richardson, 423 Mass. at 183. Stivers holds a bachelor’s degree in German literature, and the only classes he has taken relevant to the credit industry were in mathematics while he pursued his bachelor’s degree. He has not *53 taken any classes in accounting, mortgages, business, or credit administration.
Stivers has attended numerous seminars regarding credit transactions or financing, but those seminars were largely related to the automobile industry, as Stivers’ deposition testimony and his CV indicate.[2] Over the previous several years, Stivers attended two seminars given by Experian and lectured at several other seminars, all of which included, among other things, the topic of damage to credit rating. Being involved in several seminars that merely touched upon the relevant subject, however, does not render Stivers an expert on credit rating damage, especially given his lack of formal education in related topics and his lack of experience in the credit industry, as discussed below. See Commonwealth v. Malchionno, 47 Mass.App.Ct. 73, 76 (1999) (finding no abuse where judge admitted testimony of witness with “substantial education,” training on questioning sexual abuse victims, and twenty years of experience investigating sexual abuse); Commonwealth v. Goetzendanner, 42 Mass.App.Ct. 637, 641 n.4, 642 (1997) (upholding admission of testimony of witness with “extensive experience in training and educating other professionals”).
Stivers’s practical experience is not sufficient to allow him to testify as an expert, either. Stivers has never been employed in the credit reporting or lending industry. His only related professional experience was in the automobile industry, where he processed 40,000 credit applications between 1978 and 1992. There is no indication from Stivers’s professional experience that he is qualified as an expert to testify regarding the damage done to Turner’s credit rating and credit reputation as a result of Home Depot’s alleged wrongdoing. Rather, his experience indicates he is more qualified to testify to subjects not relevant to Turner’s claims, such as automobile financing.
Accordingly, having found that Stivers’s experience, training, and education are not sufficient to qualify him as an expert regarding the subject on which his opinions are submitted, the Court concludes that those opinions must be excluded.
B. Reliability of Stivers’s Opinions
Even if Stivers qualified as an expert on damage to Turner’s credit rating and credit reputation, the Court finds his opinions unreliable under Daubert-Lanigan. The Expert Report makes it clear that Stivers does not rely on any authoritative sources from the credit industry in formulating his opinions. He also does not appear to have sufficient knowledge of the facts of this case in order to formulate reliable opinions. See Lanigan, 419 Mass. at 26, quoting Daubert, 509 U.S. at 592; see also Smith v. Bell Atl., 63 Mass.App.Ct. 702, 719 (2005) (noting courts must consider “whether ‘the witness has sufficient knowledge of the particular facts to bring his expertise meaningfully to bear’ ” in determining admissibility of expert opinion (citation omitted)). Stivers did not talk to Turner before preparing the Expert Report. He has no knowledge of any actions undertaken by Home Depot, nor information regarding any communications Home Depot made to credit reporting agencies or to Turner’s credit card companies. Despite this lack of factual knowledge, Stivers opines that Home Depot acted wrongfully in its reporting of Turner’s debt to the credit bureaus.
Additionally, Stivers’s deposition testimony shows there has been no general acceptance in the credit industry of Stivers’s assertion that “damage to inherent credit rating/reputation of [Turner] is quantified as up to five times his annual earnings,” which he states is “based upon the industry standard.” Stivers testified that he learned of the “up to five times” theory from a bank vice president in 1990, and that two other consultants who serve as expert witnesses utilize the theory. Stivers could not, however, point to any documents that indicate lenders or other entities in the credit industry use the theory as a standard. The advancement of a theory by three or four individuals (one of whom is the expert whose opinion is challenged) does not constitute general acceptance, especially when at least one of those individuals has never worked in the credit industry. Compare Croall v. Massachusetts Bay Transp. Auth., 26 Mass.App.Ct. 957, 960 (1988) (upholding judge’s exclusion of expert’s opinion, which was theory proposed by one university professor), with Patterson, 445 Mass. at 641-42 (holding survey sufficient basis for finding of general acceptance where it indicated law enforcement in all fifty states and several foreign countries accepted theory). Nor did Stivers point to any testing of the “up to five times” theory by him or any other entity. Finally, he failed to cite any industry publications or any other publications that advance the “up to five times” theory.[3]
Therefore, it is apparent from the materials before the Court that, under Daubert-Lanigan, the opinions propounded by Stivers in the Expert Report and in his deposition testimony are unreliable and may not be admitted. See Lanigan, 419 Mass. at 25-26; Daubert, 509 U.S. at 592-95.
ORDER
Based on the foregoing, it is hereby ORDERED that Home Depot’s Motion to Exclude Testimony and Opinion of Plaintiffs Expert David A. Stivers be ALLOWED.

On September 10, 2008, the Court (Quinlan, J.) allowed Home Depot’s partial motion for summary judgment as to Turner’s claim based on a violation of the Fair Debt Collection Practices Act.

The Court has before it two of Stivers’s CV, one each related to the automobile industry and the credit industry. The Court notes that the two CVs are quite similar. For example, Stivers includes a list of similar schools and seminars on both his CVs under headings titled “Automobile Industry Schools & Seminars” and “Credit/Lending Industry Schools & Seminars.” The CVs also include similar lists of professional positions and experience under headings titled *54 “Automobile Industry Career & Experience” and “Auto Sales & Lending Industry Career & Experience.”

As publications advancing the “up to five times” theory, Stivers cited decisions in which courts have admitted him as an expert and used the theory to quantify damages. Stivers also cites these decisions in the Expert Report. The Court, however, is not persuaded to admit Stivers’s opinions — nor to qualify him as an expert — merely because other courts have done so.